UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JOSEPH POLZIN,

        Petitioner,

                                    Case Number 16-14285
v.                                                Honorable David M. Lawson

SHERMAN CAMPBELL,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Timothy Joseph Polzin pleaded no contest in Saginaw County Circuit Court to sixteen counts of first-degree criminal sexual conduct (CSC), one count of child sexually abusive activity, and one count of extortion. He moved to withdraw his plea, but the state courts denied relief. The petitioner then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that his federal rights were violated when he was not allowed to withdraw his plea and that his two consecutive sentences of fifteen to thirty years was more than the recommendation of concurrent sentences in his pre-sentence report. The warden argues that the Michigan Court of Appeals reasonably rejected the petitioner's first claim for lack of merit and that his second claim is unexhausted, non-cognizable, and plainly meritless. The Court agrees that the petitioner's claims do not warrant habeas relief. Therefore, the petition for a writ of habeas corpus will be denied.

I.

The facts set forth in the record before the Court indicate that Polzin sexually penetrated his step-daughter hundreds of times, and that the events in question began when the girl was eight years old and continued until she was twenty-four years old. On April 15, 2014, Polzin pleaded no contest to the offense charged in Saginaw County Circuit Court case number 14-39555, that is,

-1-

to one count of first-degree CSC involving his stepdaughter. He also pleaded no contest as charged in case number 14-39556 to fifteen counts of first-degree CSC, one count of child sexually abusive activity, and one count of extortion. Michigan law allows the court to engage with the parties in the plea bargaining process. *See People v. Cobbs*, 443 Mich. 276, 283, 505 N.W.2d 208, 212 (1993) (authorizing a trial judge to participate in sentencing discussions by "stat[ing] on the record the length of sentence that . . . appears to be appropriate for the charged offense" before accepting a guilty plea). Before Polzin entered his plea, the parties and the trial court agreed that the sentence would be fifteen to thirty years in prison on the CSC charges and that two counts of CSC would run consecutively to each other.

Michigan uses an indeterminate sentencing scheme for custodial sentences in which the maximum sentence is set by the statute that defines the crime, and the sentencing court, following advisory sentencing guidelines, sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. *See* Mich. Comp. Laws § 769.34(2)(b); *People v. Babcock,* 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (citing *People v. Tanner,* 387 Mich. 683, 690, 199 N.W.2d 202 (1972)); *see also People v. Lockridge*, 498 Mich. 358, 379-83, 870 N.W.2d 502, 514-16 (2015). When the prescribed maximum sentence is life in prison, the sentencing judge also sets the maximum term. Mich. Com. Laws. § 769.9(2).

On May 27, 2014, the trial court sentenced Polzin to prison terms of fifteen to thirty years on all the CSC convictions and seven-and-a-half to twenty years for the other two convictions. The court ordered one count of CSC in case number 14-39556 to run consecutively to all the other counts in that case, which the court ordered to run concurrently with each other and with the one count of CSC in case number 14-39555. As a result, the petitioner is serving a minimum sentence of thirty years in prison and a maximum sentence of sixty years.

Following his sentencing, Polzin moved to withdraw his no contest plea, asserting that the trial court did not clearly state at the plea proceeding that his sentence of fifteen years on one count of CSC would be consecutive to the other counts. The trial court heard oral arguments on the motion and denied it because the court had said at the plea proceeding that the two sentences would be consecutive.

Polzin moved for leave to appeal, arguing that the trial court had failed to give him an opportunity to withdraw his no-contest plea even though the trial court may have erroneously stated the sentencing agreement on the record. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Polzin*, No. 326018 (Mich. Ct. App. June 10, 2015). He raised the same issue in the Michigan Supreme Court, which denied leave to appeal on December 22, 2015, because it was not persuaded to review the issue. *People v. Polzin*, 498 Mich. 950, 872 N.W.2d 466 (2015) (table).

On December 6, 2016, Polzin filed his habeas corpus petition. He alleges as grounds for relief that (1) he was not allowed to withdraw his plea, and (2) his sentence was above the recommendation in his pre-sentence report that all the sentences should run concurrently.

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

The state appellate courts' decisions were rendered in summary orders, not reasoned opinions. Nonetheless, the deference required by the AEDPA still must be afforded. "Under [*Harrington v. Richter*], '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on its merits in the absence of any indication or state-law procedural principles to the contrary.'"

*Warden S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015) (quoting *Harrington*, 562 U.S. at 99).

A.

Polzin alleges first that the trial court violated his rights when it did not allow him to withdraw his no-contest plea. However, "[a] defendant has no right to withdraw his guilty plea . . . ." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Unless a guilty plea violates a clearly-established constitutional right, the decision whether to allow a criminal defendant to withdraw a plea is discretionary with the state trial court. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

Even if Polzin's claim is viewed as an argument that his no contest plea was not voluntary, knowing, and intelligent, the law on that issue is clearly established, and the state appellate courts' conclusion that Polzin's claim lacked merit did not contravene or unreasonably apply clearly established Supreme Court precedent.

The Supreme Court has said that a guilty plea — and by extension a no contest plea — involves a waiver of several constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969). The only question on collateral review of a guilty plea, however, is whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989).

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A guilty plea and no contest plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences."

*Brady*, 397 U.S. at 748. Nonetheless, "a [no contest] plea may be involuntary if the defendant did not understand what he was giving up and receiving in entering his guilty plea." *United States v. Lang*, 46 F. App'x 816, 818 (6th Cir. 2002) *(citing United States v. Toothman,* 137 F.3d 1393, 1400 (9th Cir. 1998), and *Hammond v. United States,* 528 F.2d 15, 18 (4th Cir. 1975)).

The United States Court of Appeals for the Sixth Circuit has said that, "[f]or a plea to be voluntary, the defendant must understand the direct consequences of a plea, which include[] the maximum and minimum sentences that may be imposed." *Martin*, 668 F.3d at 792 (citing *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994), *United States v. Stubbs*, 279 F.3d 402, 411-12 (6th Cir. 2002), and *Boyd v. Yukins*, 99 F. App'x 699, 702-03 (6th Cir. 2004)). "Failure to ensure that the defendant understands the mandatory minimum may therefore render a plea not voluntary, and a plea that is not voluntary is undoubtedly an impairment of a defendant's substantial rights." *Ibid*. "Nonetheless, flaws in a [trial] court's advice to a defendant regarding his sentencing exposure do not necessarily render the defendant's guilty plea involuntary and affect his substantial rights, so long as 'the defendant reasonably could be said to have understood the consequences of his plea regardless of any omission or misinformation provided by the district court.'" *United States v. Hogg*, 723 F.3d 730, 744-45 (6th Cir. 2013) (quoting *Martin,* 668 F.3d at 793).

The state trial court in Polzin's case explained the plea agreement this way:

> He's pleading no contest to all Counts in each file. I indicated to the lawyers after working out the sentencing guidelines that with regard to Count I in — and Count II in File 14-39556-FC, I would make his sentencings consecutive on each Count with a cap of 15 years. All other Counts in that file and the file in Count I in the other file would run concurrent with each other and concurrent with Count II.

Plea Hrg. Tr. at 4, ECF No. 8-3, PageID.76. There was no other explanation of the plea agreement on the record, but Polzin reasonably could have understood the trial court's remarks to mean that

the sentence for two of his CSC convictions in case number 14-39556 would run consecutively to each other and that both of those convictions would have a minimum sentence of fifteen years.

In retrospect, the trial court could have been more explicit about the meaning of "consecutive." The court probably should have stated that two consecutive fifteen-year prison terms meant the petitioner would have to spend a minimum of thirty years in prison. But even if the Court were to assume that the trial court's statement of the plea bargain was deficient, "[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *Brady*, 397 U.S. at 757.

Some courts, in fact, have said that whether a sentence runs consecutively or concurrently is not a direct consequence of a plea, *see United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990), and the lack of notice regarding consecutive sentences does not necessarily render a plea involuntary, *see Hall v. Bradshaw*, 466 F. App'x 472, 474 (6th Cir. 2012) ("[T]he fact that the trial court did not expressly inform [the defendant] that his state sentence could be made consecutive to his federal sentence did not render his plea involuntary."). "[T]he prevailing rule that imposition of a federal sentence to run consecutively to a state sentence is a collateral consequence of a plea may reasonably be extended to apply to imposition of consecutive state sentences." *Wilson v. McGinnis*, 413 F.3d 196, 200 (2d Cir. 2005). Therefore, a state trial court's failure to inform a defendant that he could receive a consecutive sentence does "not unreasonably apply the general principle of Supreme Court law that a plea must be knowing, intelligent and voluntary to be valid." *Ibid*.

Polzin, moreover, stated at his plea hearing that he had an opportunity to discuss the case with his attorney. When the trial court first asked the petitioner whether he had completely

discussed the matter with his attorney, Polzin answered, "Somewhat." Plea Hrg. Tr. at 5, ECF No. 8-3, PageID.76. However, when the trial court asked what the problem was and whether the petitioner needed additional time to speak with his attorney, the petitioner said, "It's fine. I'm satisfied." *Ibid.* The trial court then asked Polzin a second time whether he had a chance to completely discuss the case with his attorney. The court also asked him whether his attorney had answered all his questions. Polzin answered, "Yes, sir," to both questions. *Ibid.*

Polzin then went on to say that he had heard and understood the plea agreement that was placed on the record and that it was his intention to accept the agreement. *Ibid.* He also assured the trial court that he had read and signed an advice-of-rights form, that he understood the rights listed on the form, and that he understood he would be waiving those rights by pleading no contest. *Id.*, PageID.77. He stated that nobody had promised him anything, other than what had been stated on the record, and that no one had threatened him to make him plead no contest. *Ibid.* He stated that he was pleading no contest of his own free choice and that he understood the maximum penalties for his crimes, which included life imprisonment for the CSC counts. *See ibid.* These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Furthermore, after Polzin pleaded guilty, but before he was sentenced, the trial court received letters from four individuals, including the victim, who encouraged the trial court not to impose a thirty-year sentence. Mot. Hrg. Tr. at 5-6, ECF No. 8-5, PageID.93-94. The individuals who wrote those letters appear to have understood that Polzin's minimum sentence would be thirty years even though the trial court had not communicated with them. And because Polzin stated at the plea proceeding that he had an opportunity to completely discuss the case with his attorney, it

-8-

appears that he was fully apprised of the terms of the plea agreement and that he understood at the time of his plea that two of his sentences would run consecutively.

Even if Polzin did not understand the consecutive nature of his sentences until after he pleaded no contest, he did not complain about any misunderstanding at his sentencing. Instead, when given an opportunity to say something, he apologized to his family and to the victim. Sentencing Tr. at 5, ECF No. 8-4, PageID.87. "Courts naturally look with a jaundiced eye upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence." *United States v. Crusco,* 536 F.2d 21, 24 (3d Cir. 1976) (quoted with approval in *Adams*, 471 F. Supp. 2d at 843). This is particularly true in this case where Polzin did not move to withdraw his plea until approximately four months after he was sentenced, and he is not claiming to be innocent or seeking to go to trial. He merely wants all his sentences to run concurrently.

The record before the Court indicates that Polzin's plea was voluntarily, knowingly, and intelligently made. The trial court, therefore, did not violate Polzin's constitutional rights by denying his motion to withdraw his no-contest plea, and the state appellate courts' rejection of his claim for lack of merit was objectively reasonable. Polzin is not entitled to relief on his first claim.

C.

Polzin's second claim is that his sentence "is above and beyond [his] PSI," which "says all charges to run concurrent." Pet. at 7, ECF No. 1, PageID.7. It appears that Polzin is alleging that the state probation officer assigned to his case recommended concurrent sentences and that the petitioner's consecutive sentences exceeded the probation officer's recommendation.

Polzin did not exhaust any state remedies for this claim. But the claim does not implicate any federal rights, and "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

Furthermore, even under state law, the trial court was not bound by the probation officer's sentencing recommendation. *People v. Harbour*, 76 Mich. App. 552, 561, 257 N.W.2d 165, 169 (1977); *People v. Cater*, 63 Mich. App. 41, 42, 233 N.W.2d 882, 883 (1975). Finally, the probation officer's recommendation was irrelevant because the trial court sentenced Polzin following the parties' plea and sentencing agreement, which called for consecutive sentences. Therefore, there is no substantive merit in Polzin's claim, which is denied despite the failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

III.

The petitioner's second claim lacks merit and is not cognizable on habeas review, and the state appellate court's rejection of the petitioner's first claim for lack of merit was not so lacking in justification that there was an error beyond any possibility for fair-minded disagreement.

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: July 12, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 12, 2019.

s/Deborah Tofil  
DEBORAH TOFIL

---